Jay BUCKLEY, Appellee,

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellant.**

No. 99–1796.

Supreme Court of Iowa.

Dec. 19, 2001.

Rehearing Denied Feb. 6, 2002.

Thomas J. Miller, Attorney General, and Gordon E. Allen, Deputy Attorney General, for appellant.

Christine E. Branstad, Steven P. Wandro, and Sandra K. Lyons of Wandro,

Lyons, Wagner & Baer, P.C., Des Moines, for appellee.

PER CURIAM.

The Iowa Department of Human Services (DHS) appeals from a judgment reversing its order for recoupment of payments to Jay Buckley (petitioner), a dental service provider under Title XIX. The district court concluded that restrictions contained in a third-party billing manual prepared by the American Dental Association (ADA) had not been incorporated into the agency's rules concerning payment to dental service providers. The court ruled that, in the absence of those limitations, there was no provision of law that prohibited petitioner from making separate billings for services that the ADA manual requires to be billed as a single procedure. After reviewing the record and considering the arguments presented, we reverse the judgment of the district court and reinstate the order of the agency for recoupment of sums improperly paid to petitioner.

Petitioner, a licensed dentist, performs Medicaid-covered dental services under Title XIX. In many instances, he submitted separate billings for (1) periodontal scaling performed in the presence of gingival inflammation and (2) adult prophylaxis performed on the same date. In some instances, he submitted separate billings for (1) topical application of fluoride (including prophylaxis) and (2) adult prophylaxis performed on the same date. Each of these dental procedures are approved for Title XIX recipients under the agency's regulations. Iowa Admin. Code r. 441—78.4(1)(a) (1991) (adult prophylaxis); r. 441—78.4(1)(b) (topical application of fluoride (including adult prophylaxis)); r. 441—78.4(4) (periodontal scaling performed in the presence of gingival inflammation).

The three dental procedures referred to are identified and assigned billing codes in an American Dental Association manual providing a description of services for purposes of billing third-party payers. These are referred to as current dental terminology codes or CDT. The description given these three procedures in the CDT codes is as follows:

**01110   prophylaxis—adult**

Refers to a routine dental prophylaxis performed on transitional dentition or permanent dentition. Includes scaling and polishing procedure performed on dental patients in normal or good periodontal health to remove coronal plaque, calculus and stains. Since pockets are absent in a completely normal periodontium, scaling and polishing are performed on the anatomic or clinical crowns and into very shallow, healthy sulci. Some patients may require more than one appointment or one extended appointment to complete a prophylaxis; you may report for each appointment but document need for additional time fully. "04345 Scaling performed in the presence of gingival inflammation" should not be reported with an adult prophylaxis at the same visit.

**01205   topical application of fluoride (including prophylaxis)—adult**

This code is used to report combined procedures of prophylaxis and fluoride treatment.

**04345   periodontal scaling performed in presence of gingival inflammation**

Gingivitis can be characterized clinically by marked changes in color, gingival form, position, surface appearance, presence of bleeding, and/or exudate. With no loss of attachment or bone loss in gingivitis, this scaling treatment procedure is

more precise in describing therapy for generalized gingivitis and is not meant to be performed on a routine basis. On completion of treatment the gingival tissues should be normal and can be maintained by adult prophylaxis on a regular basis. This is a scaling only procedure; it may require single or multiple visits. Should not be reported in conjunction with an adult prophylaxis; for reporting periodontal scaling performed in conjunction with root planning, see 04341.

Petitioner's claims for services submitted to DHS used these CDT codes to describe the dental services that he had performed.

DHS's recoupment claim against petitioner involved situations in which the first and second or the first and third procedures had been billed in combination with separate charges submitted for each. DHS viewed such billing as duplicative and, in each instance, ordered recoupment of the lesser of the separate charges. Based on that determination, the total of the sums to be recouped was $43,589.11.

The district court concluded that the validity of DHS's recoupment order depended on whether the agency could rely on a limitation contained in the CDT codes with respect to the submission of charges to third-party payers. Because the CDT codes had not been incorporated by reference in any DHS or federal regulation, the court ruled that the limitations on combined billing contained in the CDT codes could not be applied as a basis for recouping payments made to petitioner. We believe that the district court misinterpreted the basis for DHS's order. Other facts that bear on our conclusions will be discussed in connection with the legal issues presented.

## I. Scope of Review.

■ This court's review of a district court decision reviewing agency action is to decide whether the district court correctly applied the law. In order to make that determination, we apply the standards set forth in Iowa Code section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *Cook v. Iowa Dep't of Job Serv.*, 299 N.W.2d 698, 701 (Iowa 1980); *Jackson County Pub. Hosp. v. PERB*, 280 N.W.2d 426, 429 (Iowa 1979); *Cmty. Action Research Group v. Iowa State Commerce Comm'n*, 275 N.W.2d 217, 219 (Iowa 1979).

## II. Authority for Recoupment.

■ Our review of the agency's recoupment order in light of the entire record convinces us that its authority to recoup payments made to petitioner was not dependent on any billing limitation contained in the CDT codes. Rather, the agency's authority for recoupment lies in the audit procedures contained in Iowa Administrative Code rule 441—87.4 (1987) and the actions that may be taken under Iowa Administrative Code rule 441—87.5(2)(c) as a result of audit findings. The latter regulation authorizes the agency to proceed with recoupment of overpayments pursuant to Iowa Code section 249A.5 (1991). The agency regulations define "overpayment" as follows:

> *"Overpayment"* means any payment or portion of a payment made to a provider which is incorrect according to the laws and rules applicable to the Medicaid program and which results in a payment greater than that to which the provider is entitled.

Iowa Admin. Code r. 441—87.1. We agree with DHS's contention that multiple payments for duplicate or overlapping services qualify as an overpayment.

■ In the present case, the DHS audit suggested a duplication of charges on petitioner's part based on separate charges for

overlapping services. Petitioner submitted his claims using the CDT codes and has made no showing that the services that have been placed in issue were not accurately described by the code designations under which they were billed. It is apparent from the descriptions of these services contained in the CDT codes and from Exhibit 7 (an article from the *Journal of American Dental Association,* Vol. 117, August 1988), which explains the CDT codes, that the procedure designated 01205, topical application of fluoride (including prophylaxis), is merely a combination of procedure 01110, adult prophylaxis, and topical application of fluoride. Consequently, when a claim is made for the 01205 procedure, this necessarily includes the services that would be performed for the procedure described in code 01110. For this reason, petitioner's claims for code 01110 procedures duplicated the services identified and paid for by the agency in response to his claims under the 01205 code. It is similarly apparent from the CDT codes and Exhibit 7 that the 01110 procedure, adult prophylaxis, and the 04345 procedure, periodontal scaling performed in the presence of gingival inflammation, overlap. Consequently, petitioner's claims under the 01110 code were a duplication of claims paid for by the agency in response to his billing under code 04345.

It is of course possible that petitioner in submitting his claim for services had divided the proper charge for the more inclusive procedures between those procedures and the lesser procedures that were included therein so that in combination the two charges reflected the proper fee. The amount of the charges submitted for each procedure suggests that this was not the case. Moreover, if this was the case it was incumbent upon petitioner to demonstrate that the fee had been so divided. He has failed to do so.

We have considered all arguments presented and conclude that the judgment of the district court should be reversed. The case is remanded with directions to affirm the agency's order for recoupment of sums paid to petitioner.

**REVERSED AND REMANDED.**